UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ARTHUR BANKS (#28253-034)

VERSUS                                          CIVIL ACTION

LOUISIANA STATE PAROLE BOARD                    NUMBER 07-519-RET-SCR

**ORDER**

On January 29, 2008, the United States Court of Appeals for the Fifth Circuit remanded this case to the district court to determine whether to extend the time for filing a Notice of Appeal pursuant to Rule 4(a)(5), Fed.R.App.P.

Judgment was entered in this matter on October 23, 2007.[1] On December 12, 2007, the petitioner filed a Notice of Appeal in which he asserted that the reason for it "being late is because of the constant prison lockdowns here at Beaumont USP."[2]

On February 8, 2008, the petitioner was ordered to file a statement which: (1) explains the meaning of "constant prison lockdowns", (2) states when the prison lockdown(s) began and ended, (3) whether he was subject to the lockdown(s), (4) states each interval between October 23, 2007 and December 12, 2007, he was subject to a prison lockdown, and, (5) states what restrictions

---

[1] Record document number 13.

[2] Record document number 14.

were imposed during each prison lockdown interval, and what specific restrictions were imposed which affected his ability to file legal papers.[3]

In his response, the petitioner explained that "constant lockdowns" occurred "here and there" and could last for days, weeks or months. Petitioner stated that the prison lockdowns "began in the middle of November" and that the prison was on lockdown "almost the entire month of November and some days in December." Although the petitioner stated that he was subject to all lockdowns implemented by prison officials, he failed to identify any specific interval between October 23, 2007 and December 12, 2007, that he was subject to a prison lockdown. Petitioner stated that while on lockdown, inmates are confined to their cells and do not have access to the law library or a typewriter. However, the petitioner did not identify any specific restriction imposed which affected his ability to file legal papers.

Petitioner attached copies of memoranda issued by Warden John B. Fox on November 30, 2007, December 12, 2007, February 1, 2008, and February 8, 2008, regarding prison lockdown. Although the memoranda indicate that the prison was placed on lockdown on November 28, 2007, December 12, 2007, and following an incident on January 25, 2008, the documents do not substantiate the "constant prison lockdowns" during the relevant period between October 23,

---

[3] Record document number 21.

2007, the date judgment was entered, and December 12, 2007, the date the petitioner signed his Notice of Appeal.

Petitioner failed to establish that the prison was under constant lockdown for the period between October 23, 2007 and December 12, 2007, or that he was prevented from filing legal papers during this period. Petitioner was able to file a response to the court's February 8, 2008 order, even though the prison was on lockdown at that time. Finally, the petitioner's Notice of Appeal consisted of a single paragraph and did not need to be typed.

For the foregoing reasons, the Court finds that the petitioner failed to demonstrate excusable neglect or good cause as required under Rule 4(a)(5), Fed.R.App.P., to be granted an extension of time in which to file his notice of appeal.

IT IS ORDERED that the request for an extension of time in which to file a notice of appeal is DENIED.

The Clerk of Court shall return this case to the Fifth Circuit Court of Appeals for dismissal or further proceedings as may be appropriate.

Baton Rouge, Louisiana, March _13_, 2008.

RALPH E. TYSON, CHIEF JUDGE
MIDDLE DISTRICT OF LOUISIANA